IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIANNA GREENE, ) | |
| Plaintiff, ) | 1:10-cv-2834 |
| ) | |
| v. ) | |
| ) | |
| NORTHSTAR LOCATION SERVICES, LLC, ) | |
| Defendant. ) | JURY DEMANDED |

## COMPLAINT

1. Plaintiff Brianna Greene brings this action to secure redress for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., including implementing regulations and applicable FCC orders ("TCPA"), and common law invasion of privacy.

2. Plaintiff is the victim of a mixed credit file, which means that the credit bureaus merged her credit file with that of another consumer. The person with whom plaintiff's credit file was mixed was Larquette Green.

3. Defendant Northstar Location Services, LLC ("Northstar") continued collecting a debt owed to Larquette even after hvaving been notified by plaintiff that she was not the correct debtor.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over the FDCPA and FCRA claims under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. The Court has federal question jurisdiction and Class Action Fairness Act jurisdiction over the TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). There is also supplemental

1

jurisdiction under 28 U.S.C. § 1367, if *Brill* were to be overruled or abrogated for some reason, because the TCPA claims form part of the same case or controversy as the FDCPA claims.

5. Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

6. Plaintiff is an individual who resides in this District.

7. Northstar Location Services, LLC is a debt collection agency located in New York state. Northstar engages in the business of collection of debts in this District.

## FACTS

8. Plaintiff 's credit file has been mis-merged with that of another consumer, in this case, a person from Milwaukee named Larquette Green ("Larquette"). See *Apodaca v. Discover Financial Services*, 417 F.Supp.2d 1220 (D.N.M. 2006).

9. Upon information and belief, Larquette opened a Bank of America credit account, and that account became associated with plaintiff's credit file.

10. Upon information and belief, the account became delinquent, and was referred by Bank of America to Northstar for collection.

11. Plaintiff notified Northstar that the debt was not hers, and that her credit file had been mixed with that of Larquette.

12. Despite plaintiff's notification of the mixed file, Northstar continued to collect on the account.

## COUNT I – TCPA

13. Plaintiff incorporates all paragraphs of this Complaint.

14. The Telephone Consumer Protection Act, 47 U.S.C. 227 restricts the making of telephone calls to cellular phones. 47 U.S.C. §227(b)(A)(iii).

15. Defendant, or persons on its behalf, called plaintiff on her cell phone within four years of the filing of this complaint. Upon information and belief, based upon the general collection practices of the industry and defendant, defendant used equipment and means proscribed by the TCPA to make such calls.

16. Defendant's violations were negligent. Alternatively and additionally, defendant's violations were willful.

17. Plaintiff is entitled to have her rights, status and legal relations under the TCPA relating to defendant's calling of her cell phone using an automatic dialing system and/or artificial or prerecorded voice message adjudicated.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against defendant for:

    (a) Statutory damages of $500 per violation, or up to $1500 per violation if such violation is found to have been willful;

    (b) A declaration that some or all of defendants' calls to plaintiff violated the TCPA;

    (c) An injunction against defendants making calls prohibited by the TCPA to plaintiff;

    (d) Costs of suit; and

    (b) Any other relief the court finds proper.

**COUNT II – FDCPA**

18. Plaintiff incorporates all previous paragraphs of this complaint.

19. Dunning a non-debtor violates the FDCPA, including 15 U.S.C. §§ 1692c(a); 1692d; 1692d(5); 1692e; 1692e(10); and 1692f. Defendant also otherwise violated the FDCPA.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against defendant for:

    (a) Statutory, actual and punitive damages;

    (b) Attorney's fees and costs of suit; and

    (c) Any other relief the Court finds proper.

### COUNT III - Invasion of Privacy

20. Plaintiff incorporates all previous paragraphs of this complaint.

21. Defendant's calls and contacts to plaintiff were an outrageous, intentional and unreasonable intrusion upon plaintiff's seclusion.

22. Defendant also otherwise invaded plaintiff's privacy.

23. Plaintiff has suffered damages as a result of this invasion of privacy.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against defendant for:

    (a) Statutory, actual and punitive damages;

    (b) Attorney's fees and costs of suit; and

    (c) Any other relief the Court finds proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff, Larquette Green, the account being collected and any other matters related to the facts alleged in the complaint. These materials are very likely relevant to the litigation of this case. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant make written demand of such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Alexander H. Burke