## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BRIANNA GREENE,

                    Plaintiff,

                                                    Civil Case No. 10 CV 2834

          v.

NORTHSTAR LOCATION SERVICES,                        Judge Blanche M. Manning
LLC,                                                Magistrate Judge Morton Denlow

                    Defendant.

## DEFENDANT NORTHSTAR LOCATION SERVICES, LLC'S
## ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES Northstar Location Services, LLC ("Northstar"), by and through its attorneys, Sedgwick, Detert, Moran & Arnold LLP, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

1.      Plaintiff Brianna Greene brings this action to secure redress for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., including implementing regulations and applicable FCC orders ("TCPA"), and common law invasion of privacy.

**ANSWER:**   This Defendant acknowledges the existence of the FDCPA and TCPA statutes but denies it violated those statutes and denies that Plaintiff is entitled to any redress, damages or anything else from Northstar.

2.      Plaintiff is the victim of a mixed credit file, which means that the credit bureaus merged her credit file with that of another consumer. The person with whom plaintiff's credit file was mixed was Larquette Green.

**ANSWER:**  This Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2, and on this basis denies the same.

3.      Defendant Northstar Location Services, LLC ("Northstar") continued collecting a debt owed to Larquette even after having been notified by plaintiff that she was not the correct debtor.

**ANSWER:**  Northstar denies the allegations in paragraph 3.

### JURISDICTION AND VENUE

4.      This Court has federal question subject matter jurisdiction over the FDCPA and FCRA claims under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.  The Court has federal question jurisdiction and Class Action Fairness Act jurisdiction over the TCPA claims.  *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005). There is also supplemental jurisdiction under 28 U.S.C. § 1367, if *Brill* were to be overruled or abrogated for some reason, because the TCPA claims form part of the same case or controversy as the FDCPA claims.

**ANSWER:**  Defendant Northstar states that the allegations in paragraph 4 constitute legal conclusions to which no response is required.  To the extent a response is required, Northstar denies the allegations.

5.      Venue is proper because a substantial portion of the events complained of occurred in this District.

**ANSWER:**  Defendant Northstar states that the allegations in paragraph 5 constitute legal conclusions to which no response is required.  To the extent a response is required, Northstar denies the allegations.

### PARTIES

6.      Plaintiff is an individual who resides in this District.

**ANSWER:**   This Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6, and on this basis denies the same.

7.      Northstar Location Services, LLC is a debt collection agency located in New York state.  Northstar engages in the business of collection of debts in this District.

**ANSWER:**  Defendant Northstar admits the allegations in paragraph 7.

8.      Plaintiff's credit file has been mis-merged with that of another consumer, in this case, a person from Milwaukee named Larquette Green ("Larquette").  *See Apodaca v. Discover Financial Services,* 417 F.Supp.2d 1220 (D.N.M. 2006).

**ANSWER:**   This Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8, and on this basis denies the same.

9.      Upon information and belief, Larquette opened a Bank of America credit account, and that account became associated with plaintiff's credit file.

**ANSWER:**   This Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9, and on this basis denies the same.

10.      Upon information and belief, the account became delinquent, and was referred by Bank of America to Northstar for collection.

**ANSWER:**   This Defendant admits that Bank of America referred a delinquent account to it for collection, but denies the remaining allegations.

11.      Plaintiff notified Northstar that the debt was not hers, and that her credit file had been mixed with that of Larquette.

**ANSWER:**   This Defendant states that Plaintiff ultimately notified Northstar there was fraud involved and promised to send to Northstar by fax paperwork she filed with the police. Northstar denies the remaining allegations of paragraph 11.

12.     Despite plaintiff's notification of the mixed file, Northstar continued to collect on the account.

**ANSWER:**  This Defendant denies each and every allegation of paragraph 12.

## COUNT I - TCPA

13.     Plaintiff incorporates all paragraphs of this Complaint.

**ANSWER:**  This Defendant incorporates its answers to all of Plaintiff's paragraphs (1-12) of this Complaint as though fully set forth herein.

14.     The Telephone Consumer Protection Act, 47 U.S.C. 227 restricts the making of telephone calls to cellular phones. 47 U.S.C. §227(b)(A)(iii).

**ANSWER:**  The allegations of this paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, this Defendant acknowledges the existence of the TCPA, but denies it engaged in any violation of the TCPA or that the TCPA has any application to the facts of this case.

15.     Defendant, or persons on its behalf, called plaintiff on her cell phone within four years of the filing of this complaint. Upon information and belief, based upon the general collection practices of the industry and defendant, defendant used equipment and means proscribed by the TCPA to make such calls.

**ANSWER:**  This Defendant admits its agents talked to Plaintiff on her cell phone within four years of the filing of this complaint, but denies the remaining allegations in paragraph 15.

16.     Defendant's violations were negligent.  Alternatively and additionally, defendant's violations were willful.

**ANSWER:**  This Defendant denies each and every allegation in paragraph 16.

17.    Plaintiff is entitled to have her rights, status and legal relations under the TCPA relating to defendant's calling of her cell phone using an automatic dialing system and/or artificial or prerecorded voice message adjudicated.

**ANSWER:**  This Defendant denies each and every allegation in paragraph 17.

WHEREFORE, Defendant Northstar respectfully requests:

(1) That the Complaint be dismissed in its entirety and with prejudice and that Plaintiff be given no relief or judgment whatsoever;

(2) That this Court enter a judgment for Defendant;

(3) That this Court grant Northstar its attorneys' fees; and

(4) For such other and further relief as this Court deems just and proper.

## COUNT II - FDCPA

18.    Plaintiff incorporates all previous paragraphs of this complaint.

**ANSWER:**  This Defendant incorporates all previous answers to Plaintiff's paragraphs 1 through 17 as though fully set forth herein.

19.    Dunning a non-debtor violates the FDCPA, including 15 U.S.C. §§ 1692c(a); 1692d; 1692d(5); 1692e; 1692e(10); and 1692f.  Defendant also otherwise violated the FDCPA.

**ANSWER:**  The allegations of this paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, this Defendant acknowledges the sections of the FDCPA exist but denies Northstar violated any of those sections and denies the FDCPA has any application to the facts in this case.

WHEREFORE, Defendant Northstar respectfully requests:

(1) That the Complaint be dismissed in its entirety and with prejudice and that Plaintiff be given no relief or judgment whatsoever;

(2) That this Court enter a judgment for Defendant;

(3) That this Court grant Northstar its attorneys' fees; and

(4) For such other and further relief as this Court deems just and proper.

## COUNT III - Invasion of Privacy

20.      Plaintiff incorporates all previous paragraphs of this complaint.

**ANSWER:**  This Defendant incorporates all previous answers to Plaintiff's paragraphs 1 through 19 as though fully set forth herein.

21      Defendant's calls and contacts to plaintiff were an outrageous, intentional and unreasonable intrusion upon plaintiff's seclusion.

**ANSWER:**  This Defendant denies each and every allegation in paragraph 21 of Plaintiff's Complaint.

22.      Defendant also otherwise invaded plaintiff's privacy.

**ANSWER:**  This Defendant denies each and every allegation in paragraph 22 of Plaintiff's Complaint.

23.      Plaintiff has suffered damages as a result of this invasion of privacy.

**ANSWER:**  This Defendant denies each and every allegation in paragraph 23 of Plaintiff's Complaint.

WHEREFORE, Defendant Northstar respectfully requests:

(1) That the Complaint be dismissed in its entirety and with prejudice and that Plaintiff be given no relief or judgment whatsoever;

(2) That this Court enter a judgment for Defendant;

(3) That this Court grant Northstar its attorneys' fees; and

(4) For such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Defendant Northstar pleads the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Should the trier of fact determine that Defendant Northstar violated the FDCPA or TCPA (which Defendant Northstar denies), then Defendant Northstar attests that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

### SECOND AFFIRMATIVE DEFENSE

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not Defendant Northstar.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's state law/common law claims are subsumed by Plaintiff's claims under the Fair Debt Collections Practices Act and the Telephone Consumer Protection Act, thereby rending those state law/common law claims duplicative and redundant.

### JURY DEMAND

Defendant Northstar demands a trial by jury of all counts and causes of action so triable.

DATED: June 21, 2010

Respectfully Submitted,

**SEDGWICK, DETERT, MORAN & ARNOLD LLP**

By: _____ s/ Fred A. Smith, III _____
        One of the Attorneys for Northstar Location Services, LLC

Fred A. Smith III (ARDC# 6183157)
David J. Grycz (ARDC#6296639)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
One N. Wacker Dr., Suite 4200
Chicago, IL 60606
Telephone: (312) 641-9050
Facsimile: (312) 641-9530

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 21, 2010 a copy of the foregoing **DEFENDANT NORTHSTAR LOCATION SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** was electronically filed with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to all parties who have appeared.

_____ /s/      David J. Grycz _____
        One of the attorneys for Northstar Location
        Services, LLC